## THE GATEWAY CITY.

### BAKER v. WATERMAN S. S. CORPORATION.
### No. 9050.

Circuit Court of Appeals, Fifth Circuit.
May 13, 1939.

Rehearing Denied June 14, 1939.

R. A. Dowling, of New Orleans, La., for appellant.

Geo. H. Terriberry, Jos. M. Rault, and Benjamin W. Yancey, all of New Orleans, La., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a libel in rem. It comprises two major elements: a claim for damages and a claim for maintenance and cure. This appeal is prosecuted by the seaman from a final decree dismissing the libel.

The appellant shipped as an able seaman on a voyage from Mobile, Alabama, to certain European ports, and return to New York, beginning in December, 1936, and ending at New York on February 6, 1937. The appellant alleges that, while the vessel was docked at Antwerp, he was assigned to watch from midnight to eight a. m., guarding the gangway; that the weather was rainy and freezing, and, as a result of this exposure, he became ill, and, after leaving Antwerp, was stricken with paralysis and transferred to the ship's hospital. Failure to provide necessary medicine and attendance, while libelant was confined in the ship's hospital, is also alleged.

A general denial was entered, and the cause proceeded to a trial on the merits. The district court found that the libelant asked to be placed on the gangway watch, which was a part of the proper and regular duties of an able seaman; that there was a shed under which he could have been reasonably protected from the weather; that this shed was formed by the deck overhead and by the housing on two sides; that, after leaving Antwerp, appellant sustained one or more strokes of paralysis, and was given proper and adequate care and medical attention; that he did not sustain any fall aboard the ship; that there was no necessity to transfer him to a passing vessel, and that the master's discretion against sending a radiogram to the Coast Guard for such purpose was properly exercised; that the illness from which libelant was found to be suffering upon leaving the ship was in no way caused or contributed to by any unseaworthiness of the vessel, or by any negligence on the part of its owners, officers, or crew; that libelant's physical condition was in no way aggravated, his improvement in no way impeded, by any of the matters of which he complains.

The court further found that appellant was treated at the United States Marine Hospital, at Stapleton, New York, from February 6th to March 30, 1937, where his diagnosis was "Syphilis, tertiary, with central nervous system involvement; thrombosis of the middle cerebral artery, left, with right hemaphlegia"; that on March 30th he left this hospital, against medical advice; that he entered the marine hospital, in New Orleans, on April 14, 1937, where his diagnosis was "Hemaphlegia, old; hypertension, arterial; syphilis, tertiary, general; malarial fever, tertian"; that on August 18th he left the hospital in New Orleans of his own volition, at his own request, and at a time when he was unfit for duty.

The court concluded that, since the libelant sustained no injury on board the ship, since his illness was in no way caused or contributed to by any unseaworthiness of the vessel or negligence of its owners, officers, or crew, since he was afforded all proper and reasonable care and medical attention, since the master's discretion in refusing to send the radiogram or to transfer libelant to another vessel was properly exercised, since his condition was syphilitic, and since he left both marine hospitals of his own volition, before he was fit for duty, he was not entitled to recover damages, or to be maintained and cured at the expense of the ship.

There is no dispute as to the law of the case. The seaman has a remedy if his injury was caused by the unseaworthiness of the ship or a defect in her equipment, or by a breach of duty to provide him with maintenance and cure. The appellee expressly disclaims any quarrel with the general principles announced in Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368, but insists that the evidence must show wherein the vessel has failed to perform its duty, and that injury directly and proximately resulted from such failure. The issues being purely factual, we think the preponderance of the evidence supports the findings of the court below, and that its judgment should be affirmed.